IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EDWARD BRASLEY, ) | |
| ) | Case No. CV-08-173-S-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| FEARLESS FARRIS SERVICE ) | |
| STATIONS, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Partial Summary Judgment (Docket No. 3). The Court heard oral argument on the motions on June 26, 2008, and now issues the following decision.

## ANALYSIS

I. **Summary Judgment Standard of Review**

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted

**Memorandum Decision and Order - 1**

consumption of public and private resources." *Id.* at 327.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings.  *Id.*  Direct testimony of the non-movant must be believed, however implausible.  *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).  On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence.  *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The Court must be "guided by the substantive evidentiary standards that apply to the case."  *Liberty Lobby*, 477 U.S. at 255.  If a claim requires clear and convincing evidence, the issue on summary judgment is whether a reasonable jury could conclude that clear and convincing evidence supports the claim.  *Id.*

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc).  To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply

point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

## II.   Plaintiff's Motion for Partial Summary Judgment

Plaintiff asks the Court to adopt Judge Nielsen's Findings of Fact and Conclusions of Law as outlined in *Roberts v. Fearless Farris Service Stations, Inc.*, CV-05-472-S-WFN ("*Roberts*"). Plaintiff contends that the doctrine of collateral estoppel requires the Court to do so.

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000). Under federal law, collateral estoppel applies only where it is established that "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party

**Memorandum Decision and Order - 3**

against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Id.*

Here, based on the record before the Court, the Court concludes that Judge Nielsen's findings of fact and conclusions of law in *Roberts* have a preclusive effect to the extent Judge Nielsen made determinations generally applicable to the subject ERISA plan. It does not, however, have a preclusive effect on Defendants' right to do discovery on any issues of fact which are unique to Plaintiff in this case or any other potential plaintiffs. It likewise does not have a preclusive effect on Defendants' right to assert certain defenses, including, but not limited to, statute of limitations, waiver, laches, etc. Additionally, it does not preclude discovery related to potential damages in this case. Finally, the *Roberts* decision does not have a preclusive effect on a potential derivative action on behalf of the ERISA plan because the plaintiff in *Roberts* did not pursue such a claim.

Accordingly, the Court will grant the motion to the extent Judge Nielsen made determinations generally applicable to the ERISA plan, but will deny the motion to the extent it seeks additional relief. The Court will then set the case for a scheduling conference to discuss a plan for going forward on the remaining issues. The Court expects this case to proceed on a fast track, and the parties should be ready to discuss expedited deadlines at the scheduling conference.

**Memorandum Decision and Order - 4**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Motion for Partial Summary Judgment (Docket No. 3) shall be, and the same is hereby, GRANTED in part and DENIED in part as explained above.

IT IS FURTHER ORDERED that a telephonic scheduling conference is scheduled for **July 2, 2008 at 3:00 p.m.** Plaintiff is directed to initiate the call. Please make sure to include both Susie Boring-Headlee at (208) 334-9145 and Judge Winmill at (208) 478-4112 in the conference call.

DATED: **June 30, 2008**

B. LYNN WINMILL
Chief Judge
United States District Court