IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EDWARD BRASLEY, <br><br>           Plaintiff, <br><br>v. <br><br>FEARLESS FARRIS SERVICE STATIONS, INC., et al., <br><br>           Defendants. | Case No.  CV-08-173-S-BLW <br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

The Court has before it Defendants' Motion to Amend the Case Management Order (Docket No. 25). The Court has determined that the decisional process on this motion will not be significantly aided by oral argument. Therefore, the Court will address the motion without a hearing.

### ANALYSIS

District courts have broad discretion in supervising the pretrial phase of

**Memorandum Decision and Order - 1**

litigation.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).  Once a district court has issued its scheduling order, Rule 16 of the Federal Rules of Civil Procedure sets the standard for modifying the schedule.  That standard requires "good cause and with the judge's consent" to modify a scheduling order.  F.R.C.P. 16(b)(4).  Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment.  *Johnson*, 975 F.2d at 609.  Although the existence of prejudice to the party opposing the modification may supply reasons to deny a motion, "the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id.*

    Here, the Court filed its Case Management Order on June 17, 2008.  Thereafter, on September 8, 2008, only six weeks before the discovery cutoff date, Plaintiffs filed an amended complaint adding additional plaintiffs and defendants.  Moreover, Plaintiffs added claims related to indemnification, which also were not alleged in the original complaint.

    Defendants contend they need more time to conduct discovery and file dispositve motions related to the new parties and claims.  Given the relatively short time period between the filing of the amended complaint and the various deadlines in the Case Management Order, the Court is sympathetic to Defendants' concerns.  Moreover, the Court finds that extending the Case Management Order deadlines at

this point will not prejudice Plaintiffs – in fact they will be given the same extensions.  Accordingly, the Court finds good cause to grant Defendants' motion. The Court finds that extending the relevant deadlines by approximately 60 days will give the parties sufficient time to finish discovery, disclose experts and file dispositive motions, without unduly delaying the case.  Therefore, the following deadlines will govern the remainder of this case:

1.  <u>Dispositive Motion Deadline:</u> <u>January 19, 2009</u>.

2.  <u>Completion of Discovery:</u> <u>December 19, 2008</u>.

3.  <u>Disclosure of Experts</u>:

   a.  The Plaintiff shall disclose the experts intended to be called at trial on or before <u>December 1, 2008</u>.

   b.  The Defendant shall disclose the experts intended to be called at trial on or before <u>January 2, 2009</u>.

   c.  All rebuttal experts shall be identified on or before <u>January 16, 2009</u>.

All other deadlines in the Court's June 17, 2008 Case Management Order shall remain unchanged.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that  Defendants' Motion

**Memorandum Decision and Order - 3**

to Amend the Case Management Order (Docket No. 25) shall be, and the same is hereby, GRANTED as explained above.



DATED: **October 9, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 4**