IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| EDWARD BRASLEY, et al., | ) | |
| | ) | Case No.  CV-08-173-S-BLW |
| Plaintiffs, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| FEARLESS FARRIS SERVICE | ) | |
| STATIONS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____) | | |

The Court conducted a pretrial conference in this case on December 22,

2009.  At the conclusion of the conference, the Court asked each party to submit a

brief identifying the issues remaining for trial.  Based on those submissions, the

Court will attempt to identify what it believes are the triable issues for this case.

The Court also has before it Plaintiffs' Motion in Limine (Docket No. 107).

**I.     Trial**

Based on the parties' briefs, the prior rulings in this case, and the prior

rulings in the related *Roberts* matter, the Court concludes that the following points

should govern the trial in this matter:

**Memorandum Decision and Order - 1**

1.    Based on collateral estoppel and/or Defendants' concession,

      Defendants are liable and responsible for ensuring that Plaintiffs

      (except potentially Newell and Elliott) receive benefits as described in

      the 1995 Fearless Farris Deferred Compensation Plan.   Therefore,

      that issue need not be addressed at trial.

2.    Whether Defendants' proposed Qualified Plan satisfies Plaintiffs'

      responsibility for providing Plaintiffs with benefits as described in the

      1995 Fearless Farris Deferred Compensation Plan is a triable issue

      which must be addressed at trial.

3.    Whether the Qualified Plan (either Defendants' proposed plan or an

      alternative plan) must be pre-funded is a triable issue which must be

      addressed at trial.

4.    Whether Plaintiffs Newell and Elliott released Defendants from their

      responsibilities as described in the 1995 Fearless Farris Deferred

      Compensation Plan is a triable issue which must be addressed at trial.

5.    Collateral estoppel does not apply to the attorneys' fees issue. The

      attorneys' fees issue must be decided by this Court post trial.

6.    The Plaintiffs' claims regarding the failure to provide information – as

      set forth in count four – is a triable issue which must be addressed at

**Memorandum Decision and Order - 2**

trial.

7.   The specific remedy in this matter – an annuity, lump sum payment, or some other relief – is a triable issue which must be addressed at trial.

8.   Whether Plaintiffs Brasley and Wayment may pursue remedies for unnamed participants is an issue which must be addressed at trial.

9.   Plaintiffs' claim for administrative penalties is a triable issue which must be addressed at trial.

The Court notes that these findings are not set in stone.  As the Court explained at the initial pretrial conference, the Court intends to conduct a second pretrial conference on January 4, 2010.  During that conference, the parties and the Court may discuss these matters in more detail.  The purpose of the above information is to explain the Court's understanding of the posture of this case.

## II.   Motions in Limine

Plaintiffs filed a document entitled motions in limine. In that motion, Plaintiffs assert five separate motions in limine.  The Court will address each below.

### A.   Motion in Limine No. 1

Plaintiffs ask the Court to take judicial notice of the Findings of Fact and

**Memorandum Decision and Order - 3**

Conclusions of Law, as well as the Amended Judgment issued by Judge Nielsen in

the *Roberts* case.  Federal Rule of Evidence 201 states that the Court may take

judicial notice of a fact "not subject to reasonable dispute in that it is either (1)

generally known within the territorial jurisdiction of the trial court or (2) capable of

accurate and ready determination by resort to sources whose accuracy cannot

reasonably be questioned."  F.R.E. 201.

The Ninth Circuit has held that "taking judicial notice of findings of fact

from another case exceeds the limits of Rule 201."  *Wyatt v. Terhune*, 315 F.3d

1108, 1114 (9th 2003).  However, collateral estoppel applies to some degree in this

case.  As the Court explained in its earlier opinions (Docket Nos. 16 and 59), Judge

Nielsen's findings of fact and conclusions of law in *Roberts* have a preclusive

effect to the extent Judge Nielsen made determinations generally applicable to the

ERISA plan.  In fact, that seems to be what Plaintiffs are actually asking for here.

In their reply brief in support of motions in limine, Plaintiffs state that "Plaintiffs

do NOT seek collateral estoppel effect to matters not equally applicable to the Plan

participants. . . . The purpose of the motion in limine is to solidify [the Court's

earlier ruling] for the guidance of the parties [at trial.]" (Emphasis in original)

(Plaintiffs' Reply Brief, p. 2).

Therefore, the Court will not grant the motion in limine and take judicial

**Memorandum Decision and Order - 4**

notice of Judge Nielsen's Findings of Fact, Conclusions of Law, and Amended

Judgment in blanket fashion.  Instead, the Court will reiterate that Judge Nielsen's

Findings of Fact and Conclusions of Law apply here to the extent generally

applicable to the ERISA plan.  As explained above, based on collateral estoppel

and/or Defendants' concession, Defendants are liable and responsible for ensuring

that Plaintiffs (except potentially Newell and Elliott) receive benefits as described

in the 1995 Fearless Farris Deferred Compensation Plan.

### B.      Motion in Limine No. 2

Plaintiffs ask the Court to take judicial notice of the stipulations filed in

*Roberts*.  Without much argument or citation to case law, Plaintiffs ask the Court to

take judicial notice of the stipulations as a way to minimize the need for live

witnesses and to make a record for appeal.  Defendants object, arguing that had

they known this case would follow the *Roberts* trial, they may not have entered

into the stipulations.  Defendants also note that Defendant Stinker Stores, Inc. was

not a party in the *Roberts* matter.

Without more information or legal argument on this matter, the Court is not

in the position to take judicial notice of the stipulations at this point.  However, the

Court will note that it seems like it would be easy for Plaintiffs to lay the

foundation for admitting the stipulations at trial if they are deemed relevant.

**Memorandum Decision and Order - 5**

Accordingly, the Court will deny the motion at this point.  The parties may address the stipulations during the second pretrial hearing or trial.

### C.    Motion in Limine No. 3

Plaintiffs ask that a list of findings of fact and conclusions of law (a-k) be considered the law of the case based on collateral estoppel, res judicata and judicial estoppel.  The Court rules as follows on each of the requests:

a.    The Court concludes that the ERISA plan is not a "top hat" plan because the issue is not in dispute.

b.    The Court finds that there is no dispute that 29 U.S.C. § 1043(a)(2)(A)(iii) applies, which states that a plan satisfies the nonforfeitability requirements if an employee has a nonforfeitable right to a percentage of the employee's accrued benefit derived from employer contributions determined under the table found in this section of the statute.

c.    As explained above with respect to motion in limine No. 1, based on collateral estoppel and/or Defendants' concession, Defendants are liable and responsible for ensuring that Plaintiffs (except potentially Newell and Elliott) receive benefits as described in the 1995 Fearless Farris Deferred

**Memorandum Decision and Order - 6**

Compensation Plan.

d.     Same as letter c above.

e.     Same as letter c above.

f.     The remedy in this case must be determined at trial.

g.     Attorneys' fees and costs must be determined post trial.

h.     As with motion in limine no. 2, the Court is currently without sufficient information or legal argument to simply admit the stipulation regarding the insurance policies.  Again, it appears it would be simple for Plaintiffs to lay the foundation and admit the stipulation if relevant. The parties may address this issue at the second pretrial hearing or trial.

i.     Defendants do not dispute Plaintiffs' statement regarding the purchase, sale, ownership and officers of Fearless Farris Service Stations, Inc.  Therefore, the Court will accept Plaintiffs' statement of these facts.

j.     Defendants do not dispute Plaintiffs' statement regarding Fearless Farris' control, authority and responsibility for the ERISA plan. Therefore, the Court will accept Plaintiffs' statement of these facts.

**Memorandum Decision and Order - 7**

     k.     Defendants do not dispute Plaintiffs' statement regarding

ownership structure and responsibility for making payments

under the ERISA plan. Therefore, the Court will accept

Plaintiffs' statement of these facts.

### D.     Motion in Limine No. 4

Plaintiffs seek a ruling that Defendants not be allowed to make a financial

hardship argument for not funding th ERISA plan.  Plaintiffs' motion is based on

an assertion that Defendants inadequately responded to interrogatories on the

subject.  Plaintiffs' also seem to suggest that financial hardship is some kind of

affirmative defense which was not timely raised.  Defendants respond by pointing

out that Plaintiffs' discovery requests were untimely.

The Court is without sufficient background information and legal argument

to make an informed ruling on the motion at this point.  Accordingly, the parties

may address the issue during the second pretrial conference or trial.

### E.     Motion in Limine No. 5

Plaintiffs ask the Court to preclude Devitt Barnett and William Keller as

Defendants' expert witness.  Plaintiffs contend that the experts were untimely

designated. The Court's Case Management Order set October 31, 2008 as

Defendants' expert disclosure deadline.  After Plaintiffs filed an amended

**Memorandum Decision and Order - 8**

complaint, the Court granted Defendants' request to extend that deadline to January 2, 2009. Defendants did not disclose Barnett and Keller until almost a year later in December 2009.

Defendants do not necessarily dispute that the experts were untimely designated pursuant to the Court's Case Management Order. Instead, Defendants suggest that discovery deadlines were relaxed as a result of mediation encouraged by the Court. Defendants then argue that the experts should be allowed to testify because they will aid the Court in making its decision.

The Court recognizes that this case has not been altogether typical in its progression, and that it appeared the parties would settle the case earlier this year. The Court also acknowledges that, at the parties' joint request, the Court agreed that it would be willing to "sign off" on an agreed upon ERISA plan if doing so would help the parties obtain IRS approval of the plan. Ultimately, however, the parties failed to reach an agreement, and the case was scheduled for trial.

Notwithstanding the general expectation by all that this case would settle earlier this year, the case has proceeded, as do all cases, toward trial. During that time, Defendants did not ask the Court to extend their expert disclosure deadline beyond January 2, 2009. Instead, they simply made the disclosures on the eve of trial. This is impermissible, and the Court will grant Plaintiffs' motion.

**Memorandum Decision and Order - 9**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Motion in Limine (Docket No. 107) shall be, and the same is hereby, GRANTED in part and DENIED in part as explained above.



DATED:  **December 30, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 10**