UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EDWARD BRASLEY, *et. al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEARLESS FARRIS SERVICE STATIONS, INC., *et. al.*, <br><br> Defendants. | Case No. 1:08-cv-00173-BLW <br><br> MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court once again has several motions before it: (1) Defendants' Motion to Reconsider, Alter or Amend, or For Relief from the Court's Order as to Fees of Plaintiffs' Expert Turpin (Dkt. 270); (2) Defendants' Objection to the Court's Order Re: Fees of Plaintiffs' Expert Turpin; (3) Plaintiffs' Motion for Order Adopting ERISA Enrolled Actuary Turpin's Calculations for Lump Sum Disbursements to Plan Participants (Dkt. 288); and (4) Defendants' Motion to Refer to the Special Master the Parties' Dispute as to the Proper Discount Rate to be Used in Lump Sum Distribution Calculations (Dkt. 292).

## ANALYSIS

1.  **Motion to Reconsider and Objection to Court's Order**

The Special Master recommended that the Court order Defendants pay the fees incurred by Plaintiffs for the actuary, James Turpin. The Court adopted that recommendation.

Defendants asked the Court to reconsider that order. In response to that motion, the Court noted that in a number of orders and in his final Report and Recommendation, the Special Master specifically directed that Mr. Turpin make certain calculations and determinations necessary to a final determination of the amounts due to plan participants. Because the Court had not originally ordered that Mr. Turpin be used by the Special Master under Rule 53, the Court determined that it "may set a new basis and terms after giving notice and an opportunity to be heard." Fed. R. Civ. P. 53(g)(1). The Court did that, but gave Defendants an opportunity to be heard. Defendants filed an objection, similar to the original motion to reconsider.

The Court reaffirms its orders. As noted in its Rule 53(g)(1) order, circumstances have dictated a change in the basis and terms for compensating the Special Master. Since the enrolled actuary has been and will be acting under the direction of the Special Master, and because it would be unjust for the plaintiffs to be required to pay for services made necessary by the defendants' failure to fulfill their responsibilities under ERISA, Mr. Turpin should be paid by the Defendants as part of the Special Master's compensation.

Defendants acknowledge that the "Special Master asked that Mr. Turpin perform certain work or provide certain calculations to assist the Special Master . . . ." *Def. Objection,* p.2, Dkt. 282. But Defendants suggest that the "Special Master could have just as easily asked the Defendants' expert to be the first one to perform certain work and for Plaintiffs' expert Turpin to check the figures or respond." Id. But that is not what happened. The Special Master used Mr. Turpin as his actuary.

Although Defendants cite cases suggesting a plaintiff cannot recover fees for non-court-appointed expert witness fees, those cases are not applicable here. Pursuant to Rule 53(g)(1), the Court set Mr. Turpin's fees as part of the Special Master's compensation. Accordingly, the Court will deny the motion to reconsider and the objection.

2.  **Motion to Refer to Special Master**

Pursuant to Rule 53, Defendants ask the Court to refer the dispute regarding the proper interest rate to be used in calculating lump sum distribution amounts to Special Master Bradford Huss. Good cause appearing, the Court will grant the request.

As the parties are obviously aware, Mr. Huss was previously appointed as a Special Master in this case to make determinations about whether the defendants had complied with the Court's Judgment and other related matters. Because of Mr. Huss' earlier work on the case, the Court need not request another affidavit from Mr. Huss disclosing whether there is any ground for disqualification under 28 U.S.C. § 45. Accordingly, the Court will appoint Mr. Huss as follows:

a. Upon appointment, the Special Master shall proceed with all reasonable diligence;

b. The Special Master's duty shall be to provide the Court with a Report and Recommendation regarding the proper interest rate to be used in calculating lump sum distribution amounts, and what those final lump sum amounts should be.

c. In order to comply with his duties, the Special Master shall have all authority outlined in Rule 53(c)(1)(A), (B), and (C), including conducting evidentiary hearings, conducting oral argument, and requesting documents and briefs from the parties. The Special Master may review any part of the docket in this case to assist him in making his decision. He may also request that the parties submit briefs explaining their positions on what issues he must address in order to prepare his Report and Recommendation.

d. The Special Master shall not communicate *ex parte* with the parties, counsel, or the Court.

e. The Special Master shall preserve and file with the Court all materials received and prepared in his position as Special Master.

f. The Court will review the Special Master's Report and Recommendation *de novo*.

g. The parties shall provide a copy of this Order to Mr. Huss immediately upon receiving it.

h. Defendants shall pay the Special Master's fees and costs, with an understanding that depending on the ultimate outcome of the matter, Defendants may recover some of those fees and costs from Plaintiffs, but that is unlikely.

3. **Motion for Order Adopting Turpin's Calculations**

Given the Court's decision to refer the matter to the Special Master, the Court will deny the Motion for Order Adopting Turpin's Calculations without prejudice.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion to Reconsider, Alter or Amend, or For Relief from the Court's Order as to Fees of Plaintiffs' Expert Turpin (Dkt. 270) is **DENIED**.

2. Defendants' Objection to the Court's Order Re: Fees of Plaintiffs' Expert Turpin is **DENIED**.

3. Plaintiffs' Motion for Order Adopting ERISA Enrolled Actuary Turpin's Calculations for Lump Sum Disbursements to Plan Participants (Dkt. 288) is **DENIED WITHOUT PREJUDICE**.

4. Defendants' Motion to Refer to the Special Master the Parties' Dispute as to the Proper Discount Rate to be Used in Lump Sum Distribution Calculations (Dkt. 292) is **GRANTED** as explained above.



DATED: December 18, 2014

B. Lynn Winmill
Chief Judge
United States District Court