UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EDWARD BRASLEY, *et. al.*,<br><br>　　　　　　Plaintiff,<br><br>　v.<br>FEARLESS FARRIS SERVICE STATIONS, INC., *et. al.*,<br><br>　　　　　　Defendants. | Case No. 1:08-cv-00173-BLW<br><br>**ORDER** |

## INTRODUCTION

The Court has before it Plaintiffs' Application for Order Assessing Fees for Services Rendered by Actuary James E. Turpin and Mediator D. Duff McKee (Dkt. 312), Plaintiffs' Supplemental Motion for Attorney Fees (Dkt. 313), and Defendants' Motion for Attorney Fees and Fees of Special Master (Dkt. 315). ERISA § 502(g), (29 U.S.C. § 1132(g)) gives the Court discretion to award attorney fees and costs to either party.

## ANALYSIS

**1.    Mediator and Actuary Fees**

First, Plaintiffs ask the Court to require Defendants pay mediator and actuary fees. Regarding the mediator fees (a relatively small amount) the parties agreed to split the

**MEMORANDUM DECISION AND ORDER - 1**

fees. *McKee Invoice,* Dkt. 314. The Court will not disrupt that agreement and order one party to pay the other party's half of those fees.

As for the actuary, the Court earlier asked the Special Master for his recommendation on fees and costs. Regarding Mr. Turpin, Plaintiffs' actuary, the Special Master explained that Mr. Turpin's calculations assisted the Special Master, and that Defendants should pay his fees. *Special Master Report,* p. 20, Dkt. 245. The Court agreed, and later ordered that Mr. Turpin act under the direction of the Special Master, noting that it would be unjust for Plaintiffs to be required to pay for services made necessary by the defendants' failure to fulfill their responsibilities under ERISA.

Nothing has changed the Court's mind, and the Court is not persuaded that it should limit the amount of Mr. Turpin's fees which Defendants should pay. Although Plaintiffs made some failed arguments, and neither the Special Master nor the Court agreed 100% with Mr. Turpin, there can be no doubt his work was done in good faith on behalf of Plaintiffs and the Special Master. Under ERISA's mandate that Plaintiffs be made whole, and the Court's discretion under ERISA § 502(g) to award costs to either party, the Court will order Defendants to pay Mr. Turpin's entire bill.

2. **Attorney Fees**

The Court "in its discretion may allow a reasonable attorney's fee and costs of action to either party" in an ERISA action. *Simonia v. Glendale Nissan/Infiniti Disability Plan,* 608 F.3d 1118, 1120 (9th Cir. 2010); see also 29 U.S.C. § 1132(g)(1). The party claiming fees and costs need not be the prevailing party, but must show some degree of success on the merits. *Id.* (*citing Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct.

**MEMORANDUM DECISION AND ORDER - 2**

2149, 2156-59 (2010). A "claimant can satisfy that requirement if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue." Id. at 1120-21 (citing Hardt, 130 S.Ct. at 2156-59).

Once a party establishes "some degree of success on the merits," the Court may exercise its discretion to grant fees and costs under § 1132(g)(1). Id. In the Ninth Circuit, a district court exercising its discretionary must consider five factors set forth in Hummell v. S.E. Rykoff & Co., 634 F.2d 446 (9th Cir.1980). The factors are: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions." Id.

After a 2010 bench trial, the Court issued a judgment in favor of Plaintiffs. Considering the factors above, the Court then awarded Plaintiffs their attorney fees in the amount of $390,153.60 plus costs in the amount of $537.67. Dkt. 167. That was November 23, 2010. Almost six years later, Defendants have now finally complied with the Court's Judgment.

In terms of wrapping up a case post-judgment, those six years have been more frustrating than almost any other case I have dealt with in my nearly 30 years as a judge.

**MEMORANDUM DECISION AND ORDER - 3**

Now, each side wants the other to pay for their attorney fees incurred during those six years.

The Court will deny both requests. The Court could list a litany of moves by each party since the judgment and explain who got what right and who got what wrong, but the simplest and most accurate way for the Court to explain its reasoning is to note that the Court was required to appoint a Special Master to resolve the issue of compliance with the Court's judgment, and that the Special Master ultimately recommended that the Qualified Plan be terminated and that Defendants pay Plaintiffs lump sum amounts – a concept neither party suggested or advocated. The Court ultimately agreed with the Special Master, and Defendants have now fulfilled their responsibilities. Under these circumstances, neither party has met the threshold requirement of establishing a degree of success on the merits since the time the Court issued judgment in favor of Plaintiffs and awarded them almost $400,000 in fees and costs. Accordingly, both motions for attorney fees will be denied.

### ORDER

IT IS HEREBYE ORDERED as follows:

1. Plaintiffs' Application for Order Assessing Fees for Servcies Rendered by Actuary James E. Turpin and Mediator D. Duff McKee (Dkt. 312) is **GRANTED in part and DENIED in part**. Defendants shall pay Plaintiffs $35,194.79 for Mr. Turpin's fees, but shall not be ordered to pay Plaintiffs' portion of the mediator's fees.

2. Plaintiffs' Supplemental Motion for Attorney Fees (Dkt. 313) is **DENIED**.

**MEMORANDUM DECISION AND ORDER - 4**

3. Defendants' Motion for Attorney Fees and Fees of Special Master (Dkt. 315) is

    **DENIED**.

DATED: March 14, 2016

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 5**