FILED
MAR 13 2018
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD BRASLEY; TODD WAYMENT; VERNON ELLIOTT; BETTY NEWELL,<br><br>　　　　Plaintiffs-Appellants,<br><br>　v.<br><br>FEARLESS FARRIS SERVICE STATIONS, INC.; WESTPOINT TRANSPORTATION, INC., a wholly owned subsidiary of Fearless Farris Service Stations, Inc.; FEARLESS FARRIS SERVICE STATIONS DEFERRED COMPENSATION PLAN; CHARLEY JONES, individually and as present and/or former administrators and fiduciaries of the Fearless Farris Service Stations, Inc. Deferred Compensation Plan; SHAWN DAVIS, individually and as present and/or former administrators and fiduciaries of the Fearless Farris Service Stations, Inc. Deferred Compensation Plan; STINKER STORES, INC.,<br><br>　　　　Defendants-Appellees. | No.　16-35519<br><br>D.C. No. 1:08-cv-00173-BLW<br><br>MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted March 5, 2018
Seattle, Washington

Before: RAWLINSON, CLIFTON, and CHRISTEN, Circuit Judges.

Appellant Edward Brasley (Brasley) appeals the district court's order denying his request for attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1).

The district court's determination that Brasley failed to demonstrate "some degree of success" on the merits in his post-judgment litigation of Fearless'[1] compliance with the district court's amended judgment was not supported by the record. *See Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1120 (9th Cir. 2010) (explaining that, in cases under the Employee Retirement Income Security Act, "a fees claimant must show some degree of success on the merits before a court may award attorney's fees") (citation and internal quotation marks omitted). Indeed, the post-judgment proceedings before the special master required Fearless to provide lump sum benefit payments to plan participants in order to satisfy the district court's amended judgment in favor of the plan participants. *See McClure v. Life Ins. Co. of N. Am.*, 84 F.3d 1129, 1136 (9th Cir.

---

[1] Defendant Fearless Farris Service Stations, Inc. and related entities.

1996) (recognizing that "[a] plan participant who prevails in an action to enforce rights under the plan is ordinarily entitled to a reasonable attorney's fee if the participant succeeds on any significant issue in litigation which achieves some of the benefit sought in bringing suit") (citation, alterations, and internal quotation marks omitted).

Having concluded that Brasley achieved "some success" on the merits, we remand for the district court to apply in the first instance the factors delineated in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980), to determine if a discretionary award of attorneys' fees is justified. *See Simonia*, 608 F.3d at 1121 (holding that "after determining a litigant has achieved some degree of success on the merits, district courts must still consider the *Hummell* factors before exercising their discretion to award fees"). We express no view on the outcome of the district court's *Hummell* analysis, and acknowledge that the district court, after proper application of the *Hummell* factors, retains discretion to award all, some, or none of the requested fees. *See id.*

**VACATED and REMANDED WITH INSTRUCTIONS.**